UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHYANNE HURST and KEVIN HURST,

Plaintiffs,

v.

OHIO SECURITY INSURANCE CO.,

Defendant.

NO. 1:16-cv-03222-SAB

**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**

Before the Court is Plaintiff's Motion to Remand, ECF No. 10. The motion was heard without oral argument. Plaintiffs Chyanne and Kevin Hurst are represented by Brian Anderson and Net Stratton. Defendant Ohio Security Insurance Co. is represented by John Silk and Sarah Eversole.

This case was originally filed in November, 2016 in Yakima County Superior Court. Plaintiffs owned a small restaurant located in Grandview, Washington. A fire burned down the restaurant in November, 2013. The Complaint alleges that Defendant, Plaintiffs' insurer, "did not pay out benefits due under the policy for Plaintiffs' damages; commenced an investigation and unreasonably prolonged its investigation, and has continued its investigation without accepting or denying coverage for Plaintiffs' claim." ECF No. 1, Ex. 2. Plaintiffs allege they suffered substantial damages in the structure fire, including loss of the building structure, loss of equipment, and loss of income.

In their Complaint Plaintiffs are bringing claims for: (1) breach of contract; (2) violation of Insurance Fair Conduct Act; and (3) violation of the Consumer

**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND ~ 1**

Protection Act and breach of duty. Plaintiffs are seeking actual damages, treble damages, general damages and reasonable attorneys' fees.

Defendant removed the case to the Eastern District of Washington in December, 2016. In its notice of removal, Defendant asserted that the parties were diverse, given that Plaintiffs were residents of Yakima, and Defendant was a foreign corporation. ECF No. 1. It also asserted the amount of controversy was in excess of $75,000, exclusive of interest and costs. Defendant indicated the estimated cost of building repairs are in excess of the $120,000 insurance policy for building coverage and also relied on the fact that Plaintiffs are seeking actual damages under the CPA, treble damages under the CPA and IFCA, and attorney fees.

## Motion Standard

A defendant may remove an action that has been filed in state court to the district court, if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. District courts have original jurisdiction over civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interest and costs and (2) is between citizens of different States. 28 U.S.C. § 1332. For purposes of §§ 1332 and 1441, a corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. § 1332(c)(1).

The dispute between the parties is whether the matter in controversy exceeds the $75,000 threshold amount.

## Amount in Controversy

If the complaint does not specify a total amount in controversy, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Said

**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND ~ 2**

another way, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the $75,000 amount. *Id.*

The amount in controversy is determined at the time of removal. 28 U.S.C. § 1441. Post-removal declarations, stipulations, or other events that reduce the amount recoverable, whether beyond a plaintiff's control or the result of a plaintiff's own volition, do not distinguish a court's jurisdiction once it has attached. *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289-90, 292 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction . . . And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *Burke Family Living Trust v. Metropolitan Life Ins. Co.*, 2009 WL 2947196 (W.D. Wash. 2009).

**Analysis**

Here, Defendant has met its burden of establishing that the amount in controversy meets or exceeds the $75,000 threshold amount for federal subject matter jurisdiction. In addition to their breach of contract claim, Plaintiffs are bringing claims under the Washington Consumer Protection Act (CPA) and the Washington Insurance Fair Conduct Act (IFCA). Both authorize treble damages and recovery of attorneys' fees. The CPA permits a treble damage award not to exceed $25,000. Wash. Rev. Code § 19.86.090. The Insurance Fair Conduct Act creates a private cause of action to first-party claimant who has been unreasonably denied insurance coverage and provides for treble damage and an attorney fee award. Wash. Rev. Code 48.30.015(1)-(3). A simple mathematical equation demonstrates that Defendant has met its burden. *See Burke Family Living Trust* 2009 WL 2947196 at *3. Plaintiffs are seeking $45,186 in contract damages. Potential treble damages include the $25,000 cap for the CPA claims and $135,558 for the IFCA claims ($45,186 x 3): $45,186 (breach of contract +

**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND** ~ 3

$25,000 (CPA) + $135,558 (IFCA) = $205,744.

Although Plaintiffs argue that damages under the IFCA are speculative, for purposes of deciding Plaintiff's motion to remand, the Court accepts the allegations of the complaint as true. *Swipe & Bite, Inc. v. Chow*, 147 F.Supp.924, 927 (N.D. Calif. 2015).

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion to Remand, ECF No. 10, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 8th day of May 2017.



Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFFS' MOTION FOR REMAND ~ 4**