UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHYANNE HURST and KEVIN HURST,

Plaintiffs,

v.

OHIO SECURITY INSURANCE CO., a foreign insurance company,

Defendant.

No. 1:16-cv-03222-SAB

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's Motion for Summary Judgment, ECF No. 18. The motion was heard without oral argument. Plaintiffs Chyanne and Kevin Hurst are represented by Brian Anderson and Ned Stratton. Defendant Ohio Security Insurance Co. is represented by John Silk and Sarah Eversole.

Plaintiffs owned a small restaurant located in Grandview, Washington. They purchased the business in June, 2013. A fire burned down the restaurant in November, 2013. The Complaint alleges that Defendant, Plaintiffs' insurer, "did not pay out benefits due under the policy for Plaintiffs' damages; commenced an investigation and unreasonably prolonged its investigation, and has continued its investigation without accepting or denying coverage for Plaintiffs' claim." ECF No. 1, Ex. 2. Plaintiffs allege they suffered substantial damages in the structure fire, including loss of the building structure, loss of equipment, and loss of income. The fire was investigated by the local police but no criminal charges were ever filed.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Defendant now moves for summary judgment on all the claims. Defendant asserts it does not have to pay on the insurance policy due to Plaintiffs' delay and failure to cooperate with the investigation as well as their material misrepresentations and omissions of fact during the insurance investigation. It asserts its conduct was reasonable, and its reliance on the police investigation, which found intentional misrepresentations and omissions of fact, was reasonable to preclude any extra-contractual claims.

## Summary Judgment Motion Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**Background Facts**

For purposes of this motion, the Court construes the facts in the light most favorable to Plaintiffs, the non-moving party.

Plaintiffs purchased a drive-in restaurant, located in Grandview, Washington in June, 2013. They put $10,000 down, made monthly payments, and also had scheduled balloon payments. The drive-in ran a brisk business in the summer and especially on the weekends. Business was a little slow in the fall and winter. According to Plaintiffs' counsel, it was a landmark and he had eaten there many times. The drive-in also served espresso and coffee.

On November 22, 2013, a fire broke out in the restaurant. Luckily, no one was in the building when the fire started. Ultimately, the fire was ruled accidental—most like caused by the use of propane heaters. On the evening of the fire, Plaintiff Chyanne Hurst closed up the restaurant and drove her employee home. When she came back, the building was on fire and several explosions erupted. She had been gone only a few minutes. She returned to the drive-in to count the money, finishing cleaning, and close up shop. She had even left her purse at the restaurant.

Plaintiffs contacted Defendant, who issued their insurance policy, to start the process for submitting a claim. Plaintiff Chyanne Hurst spoke with David Bjorkund on November 25, 2013. She indicated she had "$10 to $12k in sales a month. $500 in profit a week." ECF No. 22-1. Mr. Bjorklund appears to have concluded that the Custom Protector Endorsement, which would cover loss of business income, did not apply to Plaintiffs' claim.

//

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

On December 6, 2013, Richard Thompson, an employee of Defendant, informed Plaintiffs that there was no business income coverage. On December 11, 2013, Plaintiffs executed an "Authorization to Obtain Information and/or Inspect Property," relating to Claim number 23020660. ECF No. 22-1.

Meanwhile, Officer Glasenapp of the Grandview Policy Department began an investigation into the cause of the fire. While arson was ruled out, he became convinced that Plaintiffs were committing fraud by inflating their business income and by claiming that certain items were lost, including money, an Ipod, and a surround stereo system. It is not clear whether Officer Glasenapp had any experience in investigating fires. Also, it appears that Officer Glasenapp believed Plaintiffs were claiming lost *profits* in the amount of $24,000 for the first couple of months, then $12,000 after that, rather than the $500 a week as explained to Mr. Bjorklund.

Beginning in January, 2014, Defendant wrote monthly letters to Plaintiffs seeking additional information before it would make a decision on their claim. Defendants wanted to conduct an Examination under Oath (EUO) and wanted Plaintiffs to provide the following information: 1. Copies of individual and business tax returns for 2011, 2012, and 2013; 2. Copies of credit card statements from May, 2013 to present; 3. Copies of bank statements for each bank account from May, 2013 to present; 4. Current paystub showing current income; 5. Final inventory related to items claiming; 6. Copies of cell phone records for November, 2013 and December, 2013; 7. Copies of all records from accountant related to purchase and operation of L & L Drive-in;  8. Any and all additional documents and information believed to be relevant to the investigation not previously provided.

Plaintiffs never responded to the letters. In September, 2014, Plaintiffs obtained counsel and counsel began to communicate with Defendants regarding

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

the requested information and the scheduling of the EUO. The EUO took place in December, 2015. After the EUO, Defendant sent numerous letters to Plaintiffs' counsel seeking the following: 1. Return of the properly executed EUO certification pages; 2. Executed release documents to gather the additional information previously requested in December, 2015; and 3. Completed and executed Authorization to Obtain Information forms that were sent in May, 2016. Ultimately, Defendant denied the claim.

## Analysis

Here, there are genuine questions of material fact regarding whether Plaintiffs made material misrepresentations, whether an EUO was justified, and whether Plaintiffs substantially complied with the insurance investigation. A reasonable fact finder could find that Plaintiffs provided accurate information regarding their loss of business income and Defendant gave the wrong information to Officer Gasenapp, or at the minimum, Officer Gasenapp heard the wrong information and relied on it for his conclusions. Even in that situation, Defendant should have known that Officer Gasenapp was operating under false facts. Rather than correct Officer Glasenapp's false conclusions, however, it now wants to rely on those conclusions to deny coverage. A fact finder could easily conclude that that was not reasonable. Moreover, there are genuine issues of material fact regarding whether Defendant's requests for an EUO and related documents was reasonable, and whether Defendant was prejudiced by any alleged delay. *See Staples v. All State*, 176 Wash.2d 404 (2013).

//
//
//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 16th day of January 2018.



*Stanley A. Bastian*
Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**